IN THE UNITED STATES DISTRICT COURT FOR THE RECEIVED
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 FEB 11  A 10: 05

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| JANE RYALS, | ◆ | |
| Plaintiff, | ◆ | |
| | ◆ | |
| vs. | ◆ | CIVIL ACTION NO.: 2:05cv131- A |
| | ◆ | |
| ORGANIZED COMMUNITY | ◆ | *JURY TRIAL DEMANDED* |
| ACTION PROGRAM, INC., | ◆ | |
| Defendant. | ◆ | |

## COMPLAINT

## I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343,

2201 and 2202, 42 U.S.C. §2000e *et. seq., 28 U.S.C. 1367* and  29 U.S.C. §621 *et. seq.*  This

suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the

"Civil Rights Act of 1964", as amended, including the "Civil Rights Act of 1991", 42 U.S.C.

§1981, 42 U.S.C. §1981a, 29 U.S.C. §621 *et seq., and Ala. Code § 25-1-20 (2004) et seq.*

The jurisdiction of this Court is invoked to secure protection of and redress deprivation of

rights secured by the Constitution of the United States, 42 U.S.C. §2000e *et seq.*, 42 U.S.C.

§1981, 29 U.S.C. 621 *et seq.*, and *Ala. Code § 25-1-20 (2004) et seq.,* providing for

injunctive and other relief against race, age, and sex discrimination and retaliation in employment.   Venue is appropriate in the Middle District of Alabama, Northern Division.

2.      Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last discriminatory and retaliatory treatment. Plaintiff has timely filed her lawsuit within 90 days of the receipt of the Notice of Right to Sue from the EEOC.

## II.  PARTIES

3.      Plaintiff, Jane Ryals ("Ryals"), is a Caucasian  female, a resident of the state of Alabama and a citizen of the United States.  Ryals is a current employee of Defendant.

4.      Defendant, Organized Community Action Program, Inc. ("O.C.A.P."), is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991", 42 U.S.C. §2000e *et. seq.*  O.C.A.P. is a private non-profit corporation doing business in the state of Alabama and employs more than fifteen (15) persons.  The principal office of O.C.A.P. is in Troy, Alabama.  O.C.A.P. uses public and private monies to develop and  administer various  programs for qualified citizens residing in the primary service areas of Bullock, Butler, Covington, Crenshaw, Dale, Lowndes, and Pike counties.

## III.  FACTS

5.      Ryals has worked for O.C.A.P. at the Head Start Center located in Evergreen,

Alabama since August 1994. Ryals is 61 years of age.

6.      O.C.A.P. operates the Evergreen Head Start Center.

7.      Ryals is currently employed by O.C.A.P. as a "Family Service Specialist", also known as a "Family Service Worker".

8.      Ryals has been directly supervised by Debel Manuel, an African-American female, since early 2000.

9.      Ryals is the only Caucasian person working at the Evergreen Head Start Center.

10.     The immediate supervisor of Debel Manuel is Laventrice Terry, an African-American, female.

11.     The immediate supervisor of Laventrice Terry is Jose Henderson, an African-American, male.

12.     The immediate supervisor of Jose Henderson is Mary Terry, an African-American, female. Mary Terry is the Executive Director of O.C.A.P. and the mother of Laventrice Terry.

13.     Ryals has been subjected to different terms, conditions and privileges of her employment because of her age, race, and sex.

14.     Her supervisors have engaged in a continuous pattern of harassment, intimidation, and unlawful discrimination because of her age, race, and sex. Ryals has been yelled at, screamed at, threatened, verbally abused, and subjected to "temper tantrums" by

her supervisors.   When Ryals complained of this treatment, she was  threatened with termination and told, on many occasions, that younger African-American females have applied for her job and are available to replace her immediately.  Ryals has been told, on many occasions, that a younger person should be doing her job.

15.     Ryals has been singled out and subjected to different treatment from that received by similarly situated African-American employees.  Ryals has been singled out and subjected to different treatment from that received by similarly situated younger employees.

16.     On many occasions, Debel Manuel has made racially derogatory statements to Ryals about mixed race couples who bring their children to Head Start.  Ms. Manuel refers to white women who have relationships with black men as "white trash" and characterizes their relationship as "pure trash".

17.     The actions of the supervisors of Ryals have created a racially hostile working environment.

18.     Debel Manuel has engaged in a continuous pattern of singling out Ryals and scrutinizing her work differently from the way in which the work of  similarly situated African-American employees is scrutinized.

19.     Ryals has been threatened with termination if she complains about the manner in which she is treated by her supervisors.  Ryals has been threatened with termination if she complains about disparate treatment.  Ryals has been threatened with termination if she discusses any action of her supervisor outside the office of Head Start.  Ryals complained

about the treatment that she was receiving to Jose Henderson and requested that her treatment be investigated. O.C.A.P. never investigated the complaints of Ryals.

20.    Ryals has been threatened with termination because she questioned the accuracy of reports to the United States Department of Agriculture ("USDA") prepared by Head Start.

21.    The working environment of Ryals has been hostile, abusive, psychologically injurious to her and has altered the terms, conditions, and privileges of her employment.

22.    On or about April 16, 2004, Debel Manuel terminated Ryals and ordered her off the premises of Head Start.

23.    Ryals appealed her termination to Jose Henderson.    In a letter to Jose Henderson, Ryals requested that she be reinstated and, again, complained about the treatment that she had received by Debel Manuel. Jose Henderson assured Ryals he would "straighten everything out" and instructed her to return to work. Ryals returned to work as instructed. When she returned to work, Debel Manuel told Ryals she was fired and ordered her off the premises of Head Start.

24.    Ryals, again, appealed her termination to Jose Henderson.

25.    Jose Henderson held a hearing, on or about May 3, 2004. During the hearing, Ryals complained of the disparate, discriminatory treatment she received and requested that the situation be investigated. Ryals was told that Debel Manuel did not have the authority to terminate her employment and that Ryals would be given a written reprimand and 30 days

-5-

probation for "inappropriate behavior". Ryals was forced to sign a written reprimand notice that was unsigned by anyone at O.C.A.P.. The notice also threatened termination for any "type of [this] behavior" in the future. The alleged inappropriate behavior was never described to Ryals.

26.     During the hearing, Laventrice Terry informed Ryals that her letter to Jose Henderson and her complaints during the hearing about disparate, discriminatory treatment would not be considered "a grievance" under the policy of O.C.A.P. and no court would ever hear her complaints. Laventrice Terry also threatened Ryals with disciplinary action because she informed her attorney of the discriminatory and disparate treatment she received. O.C.A.P never investigated any of the complaints of Ryals. After the hearing, Ryals was subjected to additional threats, intimidation, and harassment by her supervisors.

27.     On or about June 21, 2004, Ryals filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

28.     O.C.A.P. retaliated against Ryals for engaging in protected activity by taking adverse employment actions against her, including but not limited to, disciplinary action, harassment, intimidation and threats.

29.     The EEOC issued a right to sue letter to Ryals on or about November 30, 2004.

## IV.  CAUSES OF ACTION

### COUNT I
### RACE AND SEX DISCRIMINATION

30.     Ryals re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail herein below.

31.     O.C.A.P. has discriminated against Ryals with respect to her terms, conditions and/or privileges of employment because of her race, and sex.

32.     O.C.A.P  has created a hostile working environment that includes an environment of discriminatory intimidation, ridicule, and insult.  The hostile working environment has altered the terms, privileges, and conditions of Ryals' employment.

33.     The reasons proffered by O.C.A.P. for the above-stated actions are unworthy of credence and are a pretext for discrimination.

34.     O.C.A.P. engaged in the practices complained of herein with malice and/or reckless indifference to Ryals' federally protected rights.

### COUNT II
### RETALIATION

35.     Ryals  re-alleges and incorporates by reference paragraphs 1-34  above with the same force and effect as if fully set out in specific detail herein below.

-7-

36.     Ryals  engaged in protected activity by, *inter alia,* complaining of age,  race and sex discrimination. O.C.A.P. retaliated against Ryals  for engaging in protected activity by taking adverse employment actions against  her, including but not limited to, disciplinary action, intimidation, harassment and threats.

37.     The reasons proffered by O.C.A.P. for these adverse employment actions are false and unworthy of credence, and are a pretext to hide the retaliatory motives of O.C.A.P.

38.     O.C.A.P. engaged in the practice complained of with  malice and/or with reckless indifference to Ryals' federally protected rights.


## COUNT III
## AGE DISCRIMINATION


39.     Ryals re-alleges and incorporates by reference paragraphs 1-38 above with the same force and effect as if fully set out in specific detail herein below.

40.     The actions of the supervisors of Ryals demonstrate a bias toward her because of her age. The age of Ryals was a motivating factor in the actions of O.C.A.P.

41.     The threats, harassment, intimidation, and insults that Ryals has been subjected to because of her age has altered the terms, conditions, and privileges of her employment with O.C.A.P.

42.     O.C.A.P. has acted with malice and/or reckless indifference toward the federally protected rights of  Ryals.

## COUNT IV
## STATE LAW CLAIM

43.    Ryals re-alleges and incorporates by reference paragraphs 1-42 above with the same force and effect as if fully set out in specific detail herein below.

44.    O.C.A.P. has discriminated against Ryals with respect to her terms, conditions or privileges of employment because of her age.

45.    O.C.A.P. is an employer as defined by *Ala. Code § 25-1-20(2) (2004)*. O.C.A.P. employs 20 or more persons for each working day in each 20 or more calendar weeks in the current or preceding calendar year.

46.    O.C.A.P. has discriminated against Ryals because she opposed practices made unlawful under *Ala. Code § 25-1-20 (2004) et. seq.*

47.    The threats, harassment, intimidation, and insults that Ryals has been subjected to because of her age has altered the terms, conditions, and privileges of her employment and has created a hostile working environment.

48.    O.C.A.P. has acted with malice and/or a reckless indifference toward the rights of Ryals.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate Plaintiff's rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991", 42 U.S.C. Section 1981, 42 U.S.C. Section 1981a, 42 U.S.C. Section 2000e, *et seq., Ala. Code § 25-1-20 (2004) et seq.,* and the Constitution of the United States.

2.      Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended by the "Civil Rights Act of 1991", 42 U.S.C. Section 1981, 42 U.S.C. Section 1981a, 42 U.S.C. Section 2000e, *et seq., Ala. Code § 25-1-20 (2004) et seq.,* and the Constitution of the United States.

3.      Enter an order requiring Defendant to make Plaintiff whole by awarding her back-pay (plus interest),  front pay, compensatory, punitive and/or nominal damages, injunctive and any other relief or benefits to which she may be entitled under the law.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES.**

Respectfully submitted this _10_ day of February, 2005.

_G.R. Trawick_

**G.R. "RICK" TRAWICK (TRA007)**
**ALGERT S. AGRICOLA, JR. (AGR 001)**
**Attorneys for Plaintiff**

**OF COUNSEL**
SLATEN & O'CONNOR, P.C.
105 Tallapoosa Street
Suite 101
Montgomery, Alabama 36104
(334) 396-8882 PH
(334) 396-8880 FAX

**DEFENDANT SERVED BY CERTIFIED MAIL:**
Organized Community Action Program
c/o Ms. Mary Terry, Executive Director
P.O. Box 908
Troy, Alabama 36081-0908

F:\Gen Litigation\Ryals, Jane\Pleadings\Complaint.wpd